UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARIN OPREA,

          PLAINTIFF,

-AGAINST-

NEW YORK CITY and DETECTIVE LAWRENCE
WHITE, individually, and in his capacity as a member of
the New York City Police Department,

          DEFENDANTS.

**COMPLAINT**

**ECF CASE**

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiff Mr. Marin Oprea ("Mr. Oprea") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about December 13, 2015, in which an officer of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Oprea to *inter alia* false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Oprea, is a 55-year-old resident of the United States and at all times here relevant resided at 80 Avenue P, Apartment F9, Brooklyn, NY

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Detective Lawrence White at all times here relevant was a member of the NYPD, and is sued in his individual and professional capacity.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Oprea is 55 years old and is self-employed.

11. Mr. Oprea is originally from Romania.

12. Between September and December 2013, Mr. Oprea participated in a number of peaceful group protests against Mr. John Paulson.

13. The peaceful protests were held on account of Mr. Paulson's involvement in proposed mining operations in Romania.

14. Mr. Oprea had obtained permission from the police precinct to hold peaceful group protests outside of 9 East 86th Street, New York.

15. On one occasion Mr. Oprea hung a bag containing Romanian cookies on the front door handle of 9 East 86th Street, New York.

16. On or about December 15, 2013, Mr. Oprea posted a letter to Mr. Paulson through the public mail slot on 9 East 86th Street, New York.

17. On or about January 14, 2014, Mr. Oprea received a phone call from Detective White.

18. Detective White asked Mr. Oprea to meet him at the District Attorney's office at 100 Center Street.

19. Shortly thereafter, Mr. Oprea met Detective White and was arrested.

20. Upon information and belief, Mr. Oprea was arraigned on charges of Aggravated Harassment, Harassment, Stalking and Trespass.

21. Mr. Oprea had to attend court on several occasions over the next fifteen months.

22. Eventually all charges against Mr. Oprea were dismissed.

23. Mr. Oprea continues to feel frustrated and upset by the events of December 2013.

24. Mr. Oprea suffered following the incident and feels frustration, embarrassment, humiliation, emotional distress, anxiety, and loss of liberty.

### FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

25. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

26. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

27. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

28. Defendants confined plaintiff.

29. Plaintiff was aware of, and did not consent to, his confinement.

30. The confinement was not privileged.

31. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

32. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

33. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

34. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

35. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in

favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

## JURY DEMAND

36. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         July 2, 2015

By:   /s/
      Malcolm Anderson (MA4852)

      PetersonDelleCave LLP
      Attorney for Plaintiff
      233 Broadway, Suite 1800
      New York, NY 10279
      (212) 240-9075